UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| TRANSAMERICA TIRE CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | Court No. 26-03355 |

**COMPLAINT**

Plaintiff Transamerica Tire Co., Ltd. ("Transamerica"), by and through undersigned counsel, hereby alleges and states as follows:

**ADMINISTRATIVE DECISION TO BE REVIEWED**

1. Transamerica contests the June 24, 2026, Final Scope Ruling issued by the U.S. Department of Commerce ("Commerce"), finding that Transamerica's 61 models of new pneumatic radial light truck tires are within the scope of the antidumping duty ("ADD") and countervailing duty ("CVD") orders on passenger vehicle and light truck tires ("PVLT") from the People's Republic of China ("China"). U.S. Department of Commerce Memorandum: Final Scope Ruling on Request from Transamerica Tire Co., Ltd. (June. 24, 2026) ("Final Scope Ruling").

**JURISDICTION**

2. The Court of International Trade has jurisdiction over Transamerica's action pursuant to 19 U.S.C. § 1516a(a)(2)(B)(vi) and 28 U.S.C. § 1581(c).

**STANDING OF PLAINTIFF**

3. Transamerica is the U.S. importer of 61 models of new pneumatic radial light truck tires

who requested the scope inquiry leading to the contested Commerce determination. Transamerica requested and participated in Commerce's scope inquiry that resulted in the contested determination. Transamerica therefore is a party to the proceeding and is entitled to commence this civil action pursuant to 28 U.S.C. § 2631(c); 19 U.S.C. § 1516a(a)(2)(B)(vi), (d).

**TIMELINESS OF THE ACTION**

4. On June 24, 2026, Commerce issued the Final Scope Ruling, which was that day made publicly available on Commerce's Antidumping Duty and Countervailing Duty Centralized Electronic Service System ("ACCESS") and mailed to Transamerica's counsel shortly thereafter. Plaintiff timely filed its Summons on July 24, 2026, within the deadline set by 19 U.S.C. § 1516a(a)(2)(A)(ii) (*i.e.*, within 30 days after the date of mailing of a determination under 19 U.S.C. § 516a(a)(2)(B)(vi)).

5. The thirtieth calendar day after July 24, 2026, falls on August 23, 2026, a Sunday, with Monday August 24, 2026, being the next business day. Transamerica is timely filing this Complaint within the deadline set by 19 U.S.C. § 1516a(a)(2)(A)(ii) and Rule 3(a)(2) of the Court (*i.e.*, within 30 days after the filing of the Summons).

**BACKGROUND**

4. In August 2015, Commerce issued AD/CVD orders on PVLT from China. *Certain Passenger Vehicle and Light Truck Tires from the People's Republic of China: Amended Final Affirmative Antidumping Duty Determination and Antidumping Duty Order*; and *Amended Final Affirmative Countervailing Duty Determination and Countervailing Duty Order*, 80 Fed. Reg. 47,902 (Aug. 10, 2015) (collectively, the "*Orders*").

5. The scope of the *Orders*, as modified in subsequent proceedings, is as follows:

The scope of the Orders is passenger vehicle and light truck tires. Passenger vehicle and light truck tires are new pneumatic tires, of rubber, with a passenger vehicle or light truck size designation. Tires covered by the Orders may be tube-type, tubeless, radial, or non-radial, and they may be intended for sale to original equipment manufacturers or the replacement market.

Subject tires have, at the time of importation, the symbol "DOT" on the sidewall, certifying that the tire conforms to applicable motor vehicle safety standards. Subject tires may also have the following prefixes or suffix in their tire size designation, which also appears on the sidewall of the tire:

Prefix designations:

P - Identifies a tire intended primarily for service on passenger cars

LT- Identifies a tire intended primarily for service on light trucks

Suffix letter designations:

LT - Identifies light truck tires for service on trucks, buses, trailers, and multipurpose passenger vehicles used in nominal highway service.

All tires with a "P" or "LT" prefix, and all tires with an "LT" suffix in their sidewall markings are covered by {these *Orders*} regardless of their intended use.

In addition, all tires that lack a "P" or "LT" prefix or suffix in their sidewall markings, as well as all tires that include any other prefix or suffix in their sidewall markings, are included in the scope, regardless of their intended use, as long as the tire is of a size that is among the numerical size designations listed in the passenger car section or light truck section of the Tire and Rim Association Yearbook, as updated annually, unless the tire falls within one of the specific exclusions set out below

Passenger vehicle and light truck tires, whether or not attached to wheels or rims, are included in the scope. However, if a subject tire is imported attached to a wheel or rim, only the tire is covered by the scope. **Specifically excluded from the scope are the following types of tires**:

(1) racing car tires; such tires do not bear the symbol "DOT" on the sidewall and may be marked with "ZR" in size designation;

(2) **new pneumatic tires, of rubber, of a size that is not listed in the passenger car section or light truck section of the Tire and Rim Association Yearbook**;

(3) pneumatic tires, of rubber, that are not new, including recycled and retreaded tires;

(4) non-pneumatic tires, such as solid rubber tires;

(5) tires designed and marketed exclusively as temporary use spare tires for passenger vehicles which, in addition, exhibit each of the following physical characteristics:

(a) the size designation and load index combination molded on the tire's sidewall are listed in Table PCT-1B ("T" Type Spare Tires for Temporary Use on Passenger Vehicles) of the Tire and Rim Association Yearbook,

(b) the designation "T" is molded into the tire's sidewall as part of the size designation, and,

(c) the tire's speed rating is molded on the sidewall, indicating the rated speed in MPH or a letter rating as listed by Tire and Rim Association Yearbook, and the rated speed is 81 MPH or a "M" rating;

(6) tires designed and marketed exclusively for specialty tire (ST) use which, in addition, exhibit each of the following conditions:

(a) the size designation molded on the tire's sidewall is listed in the ST sections of the Tire and Rim Association Yearbook,

(b) the designation "ST" is molded into the tire's sidewall as part of the size designation,

(c) the tire incorporates a warning, prominently molded on the sidewall, that the tire is "For Trailer Service Only" or "For Trailer Use Only",

(d) the load index molded on the tire's sidewall meets or exceeds those load indexes listed in the Tire and Rim Association Yearbook for the relevant ST tire size, and

(e) either

(i) the tire's speed rating is molded on the sidewall, indicating the rated speed in MPH or a letter rating as listed by Tire and Rim Association Yearbook, and the rated speed does not exceed 81 MPH or an "M" rating; or

(ii) the tire's speed rating molded on the sidewall is 87 MPH or an "N" rating, and in either case the tire's maximum pressure and maximum load limit are molded on the sidewall and either

(1) both exceed the maximum pressure and maximum load limit for any tire of the same size designation in either the passenger car or light truck section of the Tire and Rim Association Yearbook; or

(2) if the maximum cold inflation pressure molded on the tire is less than any cold inflation pressure listed for that size designation in either the passenger car or light truck section of the Tire and Rim Association Year

> Book, the maximum load limit molded on the tire is higher than the maximum load limit listed at that cold inflation pressure for that size designation in either the passenger car or light truck section of the Tire and Rim Association Year Book;

(7) tires designed and marketed exclusively for off-road use and which, in addition, exhibit each of the following physical characteristics:

> (a) the size designation and load index combination molded on the tire's sidewall are listed in the off-the-road, agricultural, industrial or ATV section of the Tire and Rim Association Yearbook,
>
> (b) in addition to any size designation markings, the tire incorporates a warning, prominently molded on the sidewall, that the tire is "Not for Highway Service" or "Not for Highway Use",
>
> (c) the tire's speed rating is molded on the sidewall, indicating the rated speed in MPH or a letter rating as listed by the Tire and Rim Association Yearbook, and the rated speed does not exceed 55 MPH or a "G" rating, and
>
> (d) the tire features a recognizable off-road tread design.

The products covered by the Orders are currently classified under the following Harmonized Tariff Schedule of the United States (HTSUS) subheadings: 4011.10.10.10, 4011.10.10.20, 4011.10.10.30, 4011.10.10.40, 4011.10.10.50, 4011.10.10.60, 4011.10.10.70, 4011.10.50.00, 4011.20.10.05, and 4011.20.50.10. Tires meeting the scope description may also enter under the following HTSUS subheadings: 4011.90.2050, 4011.99.45.10, 4011.99.45.50, 4011.99.85.10, 4011.99.85.50, 8708.70.45.30, 8708.70.45.45, 8708.70.45.46, 8708.70.45.48, 8708.70.45.60, 8708.70.60.30, 8708.70.60.45, and 8708.70.60.60. While HTSUS subheadings are provided for convenience and for customs purposes, the written description of the subject merchandise is dispositive.

Final Scope Ruling at 2-5 (emphases added).

6. On August 25, 2025, Transamerica filed a Scope Ruling Application with Commerce seeking to determine whether Transamerica's 61 models of new pneumatic radial light truck tires are excluded under the plain language of the *Orders* or, alternatively, are excluded under 19 C.F.R. § 351.225. Transamerica Scope Ruling Application (Aug. 25, 2025). Transamerica explained that the issue of whether these tires are subject merchandise had arisen in the ongoing, ninth administrative review ("AR9") of the ADD order on PVLT from China, having the period

of review ("POR") spanning August 1, 2024, through July 31, 2024. *Id*. at 2-3, 10, Exhibit AR9.

7. In its Scope Ruling Application, Transamerica demonstrated with record evidence that, *inter alia*: its 61 models of new pneumatic radial light truck tires are not listed in the Tire and Rim Association ("TRA") Year Book, and are therefore unambiguously excluded by the scope language that expressly excludes tires not listed in the TRA Year Book. *Id*. at 1-27, Exhibits 1-3.

8. Throughout the Scope Ruling Application, Transamerica demonstrated that its 61 models of new pneumatic radial light truck tires: (1) are excluded by the plain language of the scope; (2) are excluded by Commerce practice, including prior scope rulings under the ADD order on PVLT from China that constitute primary interpretive sources to be considered under 19 C.F.R. § 351.225(k)(1); and (3) alternatively, should be excluded from the scope under 19 C.F.R § 351.225(k)(2). *Id*. at 12-15, Exhibit 5.

9. On September 24, 2026, Commerce initiated a scope inquiry into Transamerica's 61 models of new pneumatic radial light truck tires. *See* U.S. Department of Commerce Initiation Memorandum (Sept. 24, 2026).

10. On November 17, 2025, Transamerica filed surrebuttal comments responding to comments on its Scope Ruling Application filed by Petitioner on November 3, 2025. Transamerica's Surrebuttal and Factual Information to Rebut, Clarify, and Correct Petitioner's Rebuttal Comments and Factual Information on Transamerica's Scope Ruling Application (Nov. 17, 2026) ("Surrebuttal"). Transamerica's Surrebuttal demonstrated that the plain scope language excluded tires that were not listed in the TRA Year Book, and that judicial precedent did not support a contrary finding. *Id*. at 5-16. Transamerica further demonstrated that this exclusion was confirmed by Petitioner actions in the underlying investigation and Commerce actions taken in prior scope rulings and the first administrative review ("AR1") of the ADD order on PVLT from

China. *Id*. at 12-20, Exhibits 2-10. Transamerica next established that any "retroactive" assessment of ADD/CVD on its unlisted tires before an affirmative scope ruling issued would violate its due process rights because it had not previously received the requisite fair warning of ADD/CVD applicability. *Id*. at 21-22. Finally, Transamerica demonstrated that it had advanced a viable claim that its unlisted tires were excluded under 19 C.F.R § 351.225(k)(2).

11. On June 24, 2026, Commerce issued its Final Scope Ruling. Commerce found that Transamerica's 61 models of new pneumatic radial light truck tires were covered by the plain scope language, despite not being listed in the TRA Year Book, because they have "LT" suffix markings. Final Scope Ruling at 10-11. According to Commerce: "Nothing in the plain language of the scope requires that tires with these prefixes/suffixes also be listed in the TRA Yearbook to be considered covered merchandise." *Id*. at 10. Commerce further found that the requested exclusion was not warranted by agency or Petitioner actions in the underlying investigation, prior scope rulings, or AR1 that were deemed inapposite or otherwise non-precedential. *Id*. at 10-12. In its Final Scope Ruling, Commerce did not address Transamerica's claim that retroactive ADD/CVD assessment on its unlisted tires would violate its due process rights. *See* Final Scope Ruling at 1-13.

12. On July 23, 2026, Commerce issued instructions to U.S. Customs and Border Protection ("CBP") to implement to Final Scope Ruling. Message No. 6204402 (July 23, 2026). As a result, Transamerica's 61 models of new pneumatic radial light truck tires because retroactively subject to the *Orders* before the Final Scope Ruling issued, including tires that entered the United States during the AR9 POR.

**STATEMENT OF CLAIMS**

**COUNT ONE**

13. Paragraphs 1 to 12 are adopted and incorporated herein by reference.

14. In its Final Scope Ruling, Commerce improperly found that the plain scope language covered Transamerica's 61 models of new pneumatic radial light truck tires despite their not being listed in the TRA Year Book. In reaching its findings in the Final Scope Ruling, Commerce misread the scope language. According to Commerce: "Nothing in the plain language of the scope requires that tires with these prefixes/suffixes also be listed in the TRA Yearbook to be considered covered merchandise." Final Scope Ruling at 10. Yet Commerce, *inter alia*, failed to acknowledge the subsequent express exclusion: "**Specifically excluded from the scope are . . . new pneumatic tires, of rubber, of a size that is not listed in the passenger car section or light truck section of the Tire and Rim Association Yearbook**." *Id*. at 3 (emphasis added). Commerce also improperly found that the exclusion of Transamerica's tires was not supported by agency or Petitioner actions in the underlying investigation, prior scope rulings, or AR1. Commerce further improperly declined to conduct a scope analysis under 19 C.F.R § 351.225(k)(2). Contrary to Commerce's findings, those prior proceedings were in fact relevant to whether Transamerica's tires should be excluded.

15. Commerce's determination that Transamerica's 61 models of new pneumatic radial light truck tires are covered by the plain scope language despite their not being listed in the TRA Year Book was directly contrary to the plan scope language and was unsupported by substantial evidence, unreasonable, arbitrary, capricious, and otherwise not in accordance with law.

16. Commerce's determination that Transamerica's 61 models of new pneumatic radial light truck tires are covered by the scope language despite their not being listed in the TRA Year Book

considering the primary interpretive sources under 19 C.F.R. § 351.225(k)(1), as well as AR1, was unsupported by substantial evidence, unreasonable, arbitrary, capricious, and otherwise not in accordance with law.

17. Commerce's determination that Transamerica's 61 models of new pneumatic radial light truck tires are covered by the scope language despite their not being listed in the TRA Year Book without considering an analysis under 19 C.F.R. § 351.225(k)(2) was unsupported by substantial evidence, unreasonable, arbitrary, capricious, and otherwise not in accordance with law.

## STATEMENT OF CLAIMS

## COUNT TWO

18. Paragraphs 1 to 17 are adopted and incorporated herein by reference.

19. In its Final Scope Ruling, Commerce did not address Transamerica's claim that retroactive ADD/CVD assessment on its unlisted tires would violate Transamerica's due process rights. *Compare* Final Scope Ruling at 1-13 *with* Surrebuttal at 21-22.

20. Commerce's retroactive assessment of ADD/CVD on Transamerica's 61 models of new pneumatic radial light truck tires was not in accordance with law. In particular, in assessing retroactive ADD/CVD on shipments entered prior to June 24, 2026, when the Final Scope Ruling issued, Commerce did not provide the fair warning of ADD/CVD applicability that due process requires.

## PRAYER FOR RELIEF

WHEREFORE, Transamerica requests that this Court:

(a) Hold that Commerce's Final Scope Ruling is unsupported by substantial record evidence and otherwise not in accordance with law with respect to the claims advanced in this Complaint;

(b) Remand the Final Scope Ruling to Commerce for a redetermination consistent with the opinion of this Court; and

(c) provide such other and further relief as the Court deems just and proper.

Respectfully submitted,

GRUNFELD, DESIDERIO, LEBOWITZ
SILVERMAN & KLESTADT LLP

*/s/ Jodan C. Kahn*_
Ned H. Marshak
Jordan C. Kahn
Brandon M. Petelin

*Counsel to Plaintiff*
*Transamerica Tire Co., Ltd.*

Dated: August 24, 2026

**CERTIFICATE OF SERVICE AND NOTICE TO INTERESTED PARTIES**
***TRANSAMERICA TIRE CO., LTD. v. UNITED STATES***
**CIT Court No. 26-03355**

Pursuant to USCIT Rules 4(b), 4(h), and 3(f) I hereby certify that on August 24, 2026, copies of the foregoing Complaint was served upon the following individuals and notified all the interested parties who were a party to the proceeding below, by certified mail, return receipt requested:

**UPON THE UNITED STATES**
Attorney-In-Charge International Trade
Field Office
Commercial Litigation Branch
U.S. Department of Justice
26 Federal Plaza
New York, NY 10278
Director, Civil Division
Commercial Litigation Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20530

**UPON U.S. DEPARTMENT OF COMMERCE**
General Counsel
U.S. Department of Commerce
14th Street & Constitution Avenue, NW
Washington, DC 20230

**UPON THE PETITIONER**
**On Behalf of United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC**
Roger B. Schagrin
Schagrin Associates
900 7th Street, NW, Suite 500
Washington, DC 20001
rschagrin@schagrinassociates.com

*/s/ Jordan C. Kahn*
Jordan C. Kahn